IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTHONY RAY COX,
    Petitioner,

v.                                           Civil No. 3:22cv800 (DJN)

HAROLD W. CLARKE,
    Respondent.

## MEMORANDUM OPINION

Anthony Ray Cox, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of *Roseboro* notice[1] and an extension of time, Cox has not filed a response. As explained below, the Motion to Dismiss (ECF No. 17) will be GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED as untimely.[2]

## I. PROCEDURAL HISTORY

On October 11, 1989, following a bench trial, the Circuit Court found Cox guilty of the first-degree murder of his mother. (ECF No. 18-1, at 1.)[3] After hearing further evidence, on

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] The Court corrects the capitalization, spelling and punctuation in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

[3] Because of the age of Cox's criminal case, portions of the Circuit Court record are unavailable and trial counsel's file was destroyed. (*See* ECF No. 18-2, at 1–2; ECF No. 18-3, at 1.) The Court cites to the § 2254 Petition and other secondary sources when necessary.

November 16, 1989, the Circuit Court sentenced Cox to life imprisonment. (*Id.*) Cox did not appeal.

On February 10, 1992, Cox filed a petition for writ of habeas corpus in the Circuit Court raising several claims of ineffective assistance of counsel including that counsel failed to file an appeal. *See* Petition for Writ of Habeas Corpus, *Cox v. Warden*, No. ML2480, at 1, 6–8 (Va. Cir. Ct. filed Feb. 10, 1992); (ECF No. 18-1, at 2).[4] After a hearing where Cox, his trial counsel and a detective testified, the Circuit Court denied the petition for writ of habeas corpus on July 2, 1992. (ECF No. 18-1, at 2.) On November 9, 1992, the Supreme Court of Virginia dismissed Cox's appeal, because it was untimely. (ECF No. 18-4, at 1.) On January 8, 1993, the Supreme Court of Virginia denied a petition for rehearing. (*Id.* at 2.)[5]

On December 15, 2022, Cox filed his § 2254 Petition.[6] Cox raises the following claim for relief:

> Claim One: "Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment right to Due Process and the Effective Assistance of Counsel. Petitioner being incompetent, mentally retarded, and unable to read and write, counsel for petitioner, on direct appeal, absconded when failing to appeal petitioner's conviction, thereby, providing ineffective assistance when denying Petitioner due process of law." (ECF No. 1, at 5.)[7]

---

[4] Cox indicates that someone drafted the state habeas petition on his behalf and that person is now deceased. (ECF No. 1, at 2.) Cox also was represented by an attorney at the evidentiary hearing for his habeas petition. (*See* ECF No. 18-1, at 1.)

[5] On August 11, 2022, Cox filed a petition for a writ of actual innocence in the Court of Appeals of Virginia that was denied on September 26, 2022. (ECF No. 18, at 5.) The Court does not have the record for this filing; however, it is not necessary or relevant to the Court's determination that Cox's § 2254 Petition is untimely.

[6] This is the date that Cox indicated that he placed his petition in the prison mail system. (ECF No. 1, at 11.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[7] Cox indicates that his § 2254 Petition was "being prepared by another inmate on Petitioner's behalf." (ECF No. 1, at 8.) On July 14, 2023, the Court received a letter from another inmate, Jason M. Paul, who explained that Cox was unable to litigate the action on his

2

## II. ANALYSIS

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

own behalf due to mental incapacity. Mr. Paul also filed several motions on Cox's behalf. By Memorandum Order entered on July 26, 2023, the Court explained that Mr. Paul was not permitted to litigate the case for Petitioner and denied the motions. (ECF No. 27, at 1.) Mr. Paul also filed a Motion to Amend Petitioner's Writ of Habeas Corpus to expand the § 2254 Petition from one claim to six claims. (ECF No. 25.) Respondent opposed the motion, and the Court denied the Motion to Amend, because it failed to comply with the local rules. (ECF No. 27, at 2–3.) The Court explained that if Cox wished to amend his § 2254 petition, he must submit an: 1) appropriate motion to an amend; 2) a brief supporting the motion; and 3) a completed standardized § 2254 petition form. (*Id.* at 2.) The Court provided Cox with the standard form for a § 2254 petition and instructed him to complete it within thirty (30) days, or else the Court would only consider the § 2254 Petition already pending. (*Id.*) Cox did not file an amended petition and by Memorandum Order entered on August 31, 2023, the Court stated that the matter was proceeding on the § 2254 Petition, and the Motion to Dismiss filed by Respondent. (ECF No. 30, at 1.)

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Cox's conviction became final on December 18, 1989, when the time to note an appeal to the Court of Appeals of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). Because this conviction became final before the enactment of AEDPA in 1996, the one-year limitation period imposed by the Act began to run on April 24, 1996, the effective date of the Act. *Brown v. Angelone*, 150 F.3d 370. 375 (4th Cir. 1998). Accordingly, Cox had until April 24, 1997, to file a petition pursuant to 28 U.S.C. § 2254. Cox failed to file his § 2254 Petition until December 15, 2022, nearly twenty-five years beyond the limitation period.

### C. No Entitlement to Statutory Tolling

Cox did not file his § 2254 Petition until December 15, 2022. Cox also had no state habeas proceedings pending between April 1996 and April 1997, so the tolling provisions of 28 U.S.C. § 2244(d)(2) do not apply. Consequently, the one-year statute of limitations bars Cox's § 2254 Petition unless he can demonstrate entitlement to a belated commencement of the limitations period or that some equitable exception allows him to avoid the statute of limitations.

4

Cox argues that he is entitled to equitable tolling because of his mental incapacity. (ECF No. 1, at 9.)

### D. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Cox asserts that the Court should consider his § 2254 Petition timely solely because of his mental incapacity and presumably because he "cannot read or write." (*See* ECF No. 1, at 8, 9.) These circumstances are not so extraordinary as to warrant equitable tolling. "Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). And crucially here, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," *id.* at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)), such as "institutionalization or adjudged mental incompetence of the litigant." *Grant*, 163 F.3d at 1138. A bare assertion that a petitioner "has

suffered mental impairments his entire life . . . without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005).

Here, Cox alleges nothing more than a bare assertion of mental impairments. Cox was found to be mentally competent to stand trial and was subsequently convicted. Cox has not asserted that his mental condition has changed substantially since the time of his trial or that he has subsequently been adjudged incompetent or institutionalized. Therefore, Cox has not alleged that his mental condition rises to the level of "profound mental incapacity" required to warrant equitable tolling. Cox has also failed to allege how his mental impairments prevented him from timely filing his § 2254 Petition. *See Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (concluding inmate with a low intelligence quotient ("IQ") was not entitled to equitable tolling, because he failed to "ma[ke] any factual showing of mental incapacity"). Thus, Cox has not identified an extraordinary circumstance that would warrant equitable tolling.

In any event, Cox has also failed to demonstrate that he exercised diligence in seeking to file his § 2254 Petition. Instead, twenty-five years have elapsed since his conviction became final. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). Cox clearly had counsel for his state habeas petition and argued several claims of ineffective assistance of counsel and therefore was aware of the claims that he could raise in 1992. Cox also has had other inmates assist him throughout the intervening years. Cox could have asked one of these inmates about potential ways to challenge his conviction. However, Cox fails to identify any action that he took to advance his federal

6

rights at all from 1990 until December of 2022. Accordingly, Cox fails to show that he is entitled to equitable tolling, and his § 2254 Petition is time-barred.[8]

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 17) will be GRANTED. Cox's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Cox.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 12, 2024

---

[8] Neither Cox nor the record suggest any entitled to a belated commencement under 28 U.S.C. § 2244(d)(A)–(D). The Court acknowledges that in some instances, counsel's failure to file an appeal could entitle a petitioner to a belated commencement of the limitation period. A petitioner who alleges that he did not know that counsel failed to file an appeal may be entitled to a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, Cox does not make this argument, and the record reflects that Cox advised his counsel twice that he did not want to appeal, so counsel did not file an appeal. *See* Affidavit of J. Bradley Davis, *Cox v. Warden*, No. ML2480, ¶ 11 (Va. Cir. Ct. filed May 18, 1992); (Sept. 14, 1992 Tr. 30-31). Thus, Cox appears to have been aware that no appeal had been filed during the thirty-day period in which to file an appeal, and he is not entitled to a belated commencement under § 2244(d)(1)(D).